**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NNAMDI ANTHONY CHIDEBE-UBANNWA,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-24-1890** |
| **SURGCENTER AT NATIONAL HARBOR, LLC,** | * | |
| | * | |
| **Defendant.** | | |

**MEMORANDUM OPINION**

On June 28, 2024, Nnamdi Anthony Chidebe-Ubannwa ("Chidebe") brought this action against SurgCenter at National Harbor, LLC d/b/a Harborside Surgery Center ("Harborside") for disability discrimination, retaliation, and failure to grant reasonable accommodations. Harborside moved for summary judgment on several grounds, including that Chidebe is not the real party in interest. Harborside is correct: Chidebe is not the real party in interest. Chidebe will be afforded the opportunity to cure the deficiency pursuant to Rule 17 of the Federal Rules of Civil Procedure. Accordingly, the Court denies Harborside's motion for summary judgment without prejudice to renewal if the real party in interest proceeds with the case. Non-party Maryland Department of Labor's ("DOL") motion to quash subpoena also is denied without prejudice to renewal if this case proceeds. Enforcement of the subpoena is stayed until the DOL has the opportunity to renew its motion if the case proceeds.

## I. Background

On June 30, 2023, a year before Chidebe filed this lawsuit, he filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. *In re Chidebe-Ubannwa*, No. 23-11082-BFK (Bankr. E.D. Va. June 30, 2023); ECF 53-11, at 5

(bankr. pet.).[1] At the time of bankruptcy filing, Chidebe had a charge of discrimination against Harborside pending with the Equal Employment Opportunity Commission ("EEOC"). ECF 53-1, at 18; ECF 56, at 15, 16. In Schedule A/B of his bankruptcy petition, Chidebe failed to disclose the discrimination charge to the bankruptcy court and stated that he did not have any claims against third parties, had not filed any lawsuits, had not made any demands for payment, and had no other contingent or unliquidated claims of any nature. ECF 53-11, at 32. His bankruptcy case was closed on September 29, 2023. *Id.* at 4.

On June 28, 2024, Chidebe filed this employment discrimination lawsuit against Harborside. ECF 1. Harborside has moved for summary judgment arguing, among other things, that the bankruptcy trustee, not Chidebe, is the real party in interest and that only the trustee may pursue the pending claims. ECF 53, at 19. Chidebe concedes that he did not disclose his employment discrimination claims to the bankruptcy court and that the bankruptcy trustee is the real party in interest. ECF 56, at 11. Chidebe "agrees to reopen his bankruptcy, list this matter on the debtor's schedule, and work with the trustee as required," and he asks for "the opportunity to inform the trustee from *In Re Chidebe-Ubannwa* . . . so that the trustee can decide whether to reopen the bankruptcy case, and if so, to ratify the matter or join or be substituted into this matter." *Id.* at 14.

---

[1] The Court takes judicial notice of the bankruptcy petition. Fed. R. Evid. 201(b).

## II.    Discussion

"An action must be prosecuted in the name of the real party in interest." Fed R. Civ. P. 17(a)(1).[2] Chidebe is not the real party in interest for the claims he filed in this Court. A review of his bankruptcy case shows why.

Chidebe filed for Chapter 7 bankruptcy in 2023. When, as here, a debtor files for Chapter 7 bankruptcy, "[their] assets immediately are transferred to the bankruptcy estate." *Martineau v. Wier*, 934 F.3d 385, 388 (4th Cir. 2019) (citing 11 U.S.C. § 541(a)). At that point, the bankruptcy trustee serves as representative of the bankruptcy estate. 11 U.S.C. § 323. The trustee, not the debtor, has the capacity to pursue claims on behalf of the estate. *See id.*; *Martineau*, 934 F.3d at 391.

To ensure the proper administration of the debtor's assets, the debtor "must disclose to the bankruptcy court those assets which now belong to the estate, including 'all legal [and] equitable interests of the debtor.'" *Martineau*, 934 F.3d at 388 (quoting 11 U.S.C. § 541(a) and citing *id.* § 521(a)). Legal interests include causes of action, such as employment discrimination claims. *See id.*; *Jones v. Safeway, Inc.*, No. ELH-12-3547, 2014 WL 6871586, at *5 (D. Md. Dec. 3, 2014).

Chidebe admits that his employment discrimination claims, which were pending before the EEOC when he filed for Chapter 7 bankruptcy, were assets of his estate, that he did not disclose them to the bankruptcy court, and that his bankruptcy case closed without the bankruptcy court or

---

[2] District courts and the Fourth Circuit have "referred to this real-party-in-interest question as one of 'standing.'" *Martineau v. Wier*, 934 F.3d 385, 391 & n.3 (4th Cir. 2019) (citing *Nat'l Am. Ins. Co v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999)). The Fourth Circuit clarified that the question is not about Article III standing but about "prudential standing." *Id.* at 391 n.3. Courts tend "to use the terms prudential standing and real party in interest interchangeably when discussing a bankruptcy trustee's sole authority to take action on legal claims that belong to the estate." *Id.* Thus, this Court "address[es] the issue under the real-party-in-interest framework." *See id.*

trustee knowing about his claims. When, as here, "the debtor's schedule does not disclose a cause of action that accrued pre-petition, that cause of action remains in the property of the estate after the bankruptcy case is closed." *Nicholas v. Green Tree Servicing*, LLC, 173 F. Supp. 3d 250, 255 (D. Md. 2016); *see Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) ("While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed." (citing 11 U.S.C. § 554(c), (d))). Because Chidebe's employment discrimination claims automatically became part of his bankruptcy estate when he filed for Chapter 7 bankruptcy, Chidebe could no longer pursue those claims, only the trustee could. And even though the bankruptcy case closed months before Chidebe filed this lawsuit, his undisclosed employment discrimination claims nonetheless remained property of the bankruptcy estate because the trustee, who never knew about them, neither abandoned nor administered them. *See* 11 U.S.C. § 554(d). So, when Chidebe filed this employment discrimination lawsuit in June 2024, his claims were still property of the bankruptcy estate, and only the trustee, not Chidebe, had the capacity to pursue them. Thus, the trustee, not Chidebe, was and remains the real party in interest.

When, as here, a case is brought by a plaintiff who is not the real party in interest, "[t]he court may not dismiss [t]he action" on that basis "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted in the action." Fed. R. Civ. P. 17(a)(3); *see, e.g.*, *Cooper v. NPL Constr. Co.*, No. EA-23-575, WL 1050845, at *4 (D. Md. March 11, 2024) (granting 45 days to cure real-party-interest deficiency); *Nicholas*, 173 F. Supp. 3d at 258 (granting 60 days); *Jones*, 2014 WL 6871586, at *7 (granting 30 days). The real party in interest—the trustee—may choose to ratify, join, or pursue the claims as a substituted

plaintiff, or the trustee may "abandon" the claims if the trustee deems them "burdensome" or "of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

Pursuant to Rule 17(c), Chidebe is granted 45 days to cure the real-party-in-interest deficiency by either substituting the trustee as the real party in interest or obtaining the trustee's abandonment of the claims. If the trustee abandons the claims, Chidebe, as the debtor, may proceed in his own right. If the real-party-in-interest deficiency is timely cured, Harborside may renew its motion for summary judgment on alternative grounds. If the deficiency is not timely cured, this case will be dismissed for failure to prosecute.

## III.    Conclusion

For these reasons, Chidebe is granted 45 days to cure the real-party-in-interest deficiency by either substituting the trustee as the real party in interest or obtaining the trustee's abandonment of the claim. The defendant's motion for summary judgment, ECF 53, is denied without prejudice. DOL's motion to quash subpoena, ECF 51, also is denied without prejudice. Enforcement of the subpoena is stayed. A separate order follows.

June 4, 2026
Date

_____
Deborah L. Boardman
United States District Judge

5